ORIGINAL



FILED

03/31/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0185

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0185

CHASE SMITH,

Petitioner,

v.

STATE OF MONTANA, DEPARTMENT OF
CORRECTIONS; WATCH PROGRAM/
COMMUNITY COUNSELING &
CORRECTIONAL SERVICES (CCCS), INC.,

Respondents.

**FILED**

MAR 3 1 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Chase Smith has filed a petition for writ of habeas corpus, alleging that he is being held in the WATCh program in violation of his Eighth Amendment right to be free from cruel and unusual punishment and his right to individual dignity under Article II, Section 4, of the Montana Constitution. Smith asks to be released to serve the remainder of his sentence on probation because he alleges the facility in which he is being held endangers him due to his risk of COVID-19 infection.

Smith contends he can establish that his rights under the Eighth Amendment are being violated by his circumstances because: (1) he is deprived of the ability to take precautionary measures to prevent infection with COVID-19, thus denying him life's necessities, and (2) by continuing to admit new residents who may be infected with COVID-19, WATCh has acted with deliberate indifference towards Smith's wellbeing.

As applicable to the States via the Fourteenth Amendment, the Eighth Amendment to the United States Constitution protects individuals from cruel and unusual punishment. Accordingly, the government custodian responsible for the custody and care of incarcerated persons has a constitutional duty to provide for the "general well-being" and "basic human

needs" of incarcerated persons, including but not necessarily limited to food, clothing, shelter, medical care, mental health care, and reasonable safety. *See Wilson v. State*, 2010 MT 278, ¶ 28, 358 Mont. 438, 249 P.3d 28. *See also Helling v. McKinney*, 509 U.S. 25, 32-34, 113 S. Ct. 2475, 2480-81 (1993) (in re postconviction prisoners); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (similar due process right of pre-dispositional detainees).[1]

In order to show an alleged violation of the Eighth Amendment based on an alleged deprivation of adequate health care, an inmate must make an evidentiary showing (1) that the level of health care at issue is constitutionally inadequate from an objective standpoint based either on a pattern of negligent conduct or systematic deficiencies or a serious deprivation resulting in the denial of even a minimal civilized measure of a necessity of life and (2) that the correctional institution acted with deliberate indifference to the inmate's health and safety through a conscious disregard of a substantial risk of serious harm to the inmate's health or safety. *Wilson*, ¶¶ 27-30; *Walker v. State*, 2009 MT 134, ¶ 56, 316 Mont. 103, 68 P.3d 872; *Farmer v. Brennan*, 511 U.S. 825, 840-41, 114 S. Ct. 1970, 1980-81 (1994).

Article II, Section 4, of Montana Constitution further guarantees Montanans a fundamental right to human dignity. When the allegations at issue implicate both the Eighth Amendment protection against cruel and unusual punishment and the Montana right to human dignity, we read both together to provide Montanans "greater protection[] from cruel and unusual punishment" than the Eighth Amendment. *Wilson*, ¶ 31 (citing *Walker*, ¶¶ 73-75). Accordingly, in order to show an alleged violation of the Montana right to human dignity based on an alleged deprivation of adequate health care to inmates in a correctional

---

[1] However, a merely negligent breach of this duty does not rise to the level of a constitutional violation. *Helling*, 509 U.S. at 32-34, 113 S. Ct. at 2480-81; *Estelle v. Gamble*, 429 U.S. 97, 104-06, 97 S. Ct. 285, 291-92 (1976). A constitutional violation occurs only if the government custodian breaches this duty of care with "deliberate indifference to serious . . . needs" of the inmate or detainee. *Helling*, 509 U.S. at 32-34, 113 S. Ct. at 2480-81; *see also Wilson*, ¶¶ 28-32.

2

institutional or detention center, an inmate must make an evidentiary showing (1) that prison officials or conditions subjected the inmate to a substantial risk of serious harm to the inmate's health or safety and (2) that prison officials "acted with deliberate indifference to the inmate's health and safety" through a conscious disregard of that risk. *Wilson*, ¶¶ 30-32; *Walker*, ¶ 73-76. As the government entity responsible for the custody and care of postconviction inmates, the Montana Department of Corrections "assumes responsibility" under the Eighth Amendment and the Montana right to human dignity for the "general well-being" and "basic human needs" of incarcerated inmates including food, clothing, shelter, health care, and reasonable safety. *Wilson*, ¶ 28; *Walker*, ¶ 80.

Here, Smith has made a sufficient threshold showing that the COVID-19 virus pandemic generally poses a substantial risk of serious harm to the health and safety of incarcerated inmates in a prison facility. However, aside from cursory assertion and citation to the Chief Justice's recent memorandum to lower courts regarding local detention center prisoner population management in response to the virus threat, Smith has made no evidentiary showing that the Department of Corrections is not taking reasonable measures under the circumstances to protect him and other inmates from the COVID-19 risk.

As a threshold matter, the Chief Justice's memorandum to lower courts regarding pretrial detainees does not apply to the Department of Corrections or postconviction inmates committed to it. Though the COVID-19 risk is similar to prisoners in state correctional facilities and local detention centers, the memorandum is no more than a recommendation that lower courts "release as many [misdemeanor] prisoners [committed to local detention centers] as [they] are able" to safely release in their discretionary exercise of existing legal authority. Thus, the Chief Justice's memorandum to lower courts regarding local detention center prisoners is insufficient alone to demonstrate that the Department is not taking reasonable measures to provide for Smith's health and safety under the circumstances, that it is impossible for the Department to do so, or that the Department is in any event acting in

3

conscious disregard of the risk to petition and other state inmates posed by the COVID-19 virus.

Smith has failed to demonstrate that he is being unlawfully incarcerated in violation of either the Eighth Amendment protections against cruel and unusual punishment or the Montana right to human dignity. Thus, Smith has failed to show cause for the requested habeas relief.

Therefore,

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record.

DATED this 31 day of March 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices